■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID E. STEDGE, Appellant. [22 NYS3d 919]—

Clark, J. Appeal from a judgment of the County Court of Tioga County (Keene, J.), rendered December 9, 2013, convicting defendant upon his plea of guilty of the crime of failure to register as a sex offender.

In 2008, defendant pleaded guilty to the crime of forcible touching and was required to register under the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]). In September 2013, the Tioga County Sheriff's office filed a felony complaint against defendant for failure to register as a sex offender, stemming from allegations that he did not register his change of address with the Division of Criminal Justice Services. Defendant subsequently signed a waiver of indictment, thus consenting to be prosecuted by superior court information. Thereafter, defendant pleaded guilty to the crime of failure to register as a sex offender and was sentenced to 10 months in jail, to be served concurrently with a sentence from Chemung County arising from the same violation (*People v Stedge*, 135 AD3d 1174 [2016] [decided herewith]). Defendant now appeals and we affirm.

Under a section entitled "[d]uty to register and to verify," SORA states that "[a]ny sex offender shall register with the

[D]ivision no later than [10] calendar days after any change of address" (Correction Law § 168-f [4]). "Any sex offender required to register or to verify [who fails to do so] in the manner and within the time periods provided for . . . shall be guilty of a class E felony" (Correction Law § 168-t). SORA does not define the word "address" (*see* Correction Law § 168-a).

For the first time on appeal, defendant contends that SORA is unconstitutionally vague with respect to transient or homeless individuals and, as a result, he was denied due process under NY Constitution, article I, § 6 and the 14th Amendment of the US Constitution.* While defendant's constitutional claim does indeed survive his guilty plea (*see People v Hansen*, 95 NY2d 227, 231 n 2 [2000]; *People v Lee*, 58 NY2d 491, 494 [1983]), because he did not raise this issue before County Court, it has not been properly preserved for our review (*see People v Snyder*, 91 AD3d 1206, 1207 n 2 [2012], *lv denied* 19 NY3d 968 [2012], *cert denied* 568 US —, 133 S Ct 791 [2012]; *People v Riddick*, 34 AD3d 923, 925 [2006], *lv denied* 9 NY3d 868 [2007]), and we decline to exercise our interest of justice jurisdiction (*see* CPL 470.15 [6] [a], [b]). In any event, were we to address the merits of defendant's contentions, we would nonetheless find them to be without merit.

Peters, P.J., Lahtinen, Garry and Rose, JJ., concur. Ordered that the judgment is affirmed.

---

* Defendant contends that he should be regarded as transient or homeless inasmuch as he resided in a pop-up camp trailer.